No. 18-12807-E

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

SHANNON TROY COFIELD

*Defendant-Appellant.*

_____

**ON APPEAL FROM UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

**THE HONORABLE ABDUL K. KALLON**

_____

**INITIAL BRIEF OF APPELLANTS SHANNON TROY COFIELD**

_____

MICHAEL T. TEWALT
Attorney at Law
100 Jefferson Street, Suite 200
Huntsville, Al 35801
(256)288-3044 Telephone
attorney.michael.tewalt@gmail.com

No. 18-12807-E

*United States of America v. Shannon Troy Cofield*

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

1.  Billingsley, Michael B., Assistant United States Attorney, Chief of the Appellate Division;

2.  Cofield, Shannon Troy, Defendant-Appellant;

3.  Cornelius, The Honorable Staci G., United States Magistrate Judge for the Northern District of Alabama;

4.  Davis, Hon. Harwell G. III, Former United States Magistrate Judge for the Northern District of Alabama;

5.  Hodge, Laura, Assistant United States Attorney, represented the Plaintiff-Appellee in the district court;

6.  Kallon, The Honorable Abdul K., United States District Judge for the Northern District of Alabama;

7.  Keim, Jonathan S., Assistant United States Attorney, represented the Plaintiff-Appellee in the district court;

8.  Penfield, Russell, Assistant United States Attorney, represented the Plaintiff-Appellee in the district court;

i

9.    Tewalt, Michael, counsel for Defendant-Appellant in the district court and in

this Court;

10.    Town, Jay E., United States Attorney for the Northern District of Alabama.

> */s/Michael T. Tewalt*
> MICHAEL T. TEWALT
> Attorney at Law
> 100 Jefferson Street, Suite 200
> Huntsville, Al 35801
> (256)288-3044 Telephone
> attorney.michael.tewalt@gmail.com

### Certificate of Service

I hereby certify that on July 12, 2018, I electronically filed this Certificate of Interested Persons with the Clerk of the Court using the CM/ECF system, which will give notice of the filing to counsel of record.

## STATEMENT REGARDING ORAL ARGUMENT

Mr. Cofield does not request oral argument.

# TABLE OF CONTENTS

Certificate of Interested Parties                                    i

Statement Regarding Oral Argument                          iii

Table of Contents                                                    iv

Table of Authorities                                                 v

Statement of Jurisdiction                                          1

Statement of the Issues                                            1

Statement of the Case                                              1

     Procedural History                                       2

     Statement of the Facts                                  2

     Standard of Review                                       3

Argument                                                               3

   I.    Reasonableness of Sentence                    3

   II.   █████████████████████                        8

   III.  Appellate Waiver                                     10

Conclusion                                                             11

Certificate of Compliance                                        12

Certificate of Service                                              13

# TABLE OF AUTHORITIES

*Cases*

*Gall v. United States*,

    552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007)    3

*Koon v. United States*,

    518 U.S. 81, 92, 116 S. Ct. 2035, 135 L. Ed. 2d 392 (1996)    6

*Rita v. United States,*

    551 U.S. 338, 356-58, 127 S. Ct. 2456, 168 L. Ed. 2n 203 (2007)    5

*United States v. Brantley*,

    537 F.3d 347, 349 (5th Cir. 2008)    7

*United States v. Doe*,

    870 F. Supp. 702, 706 (E.D. Va. 1994)    8

*United States v. Irey*,

    612 F.3d 1160, 1189 (11th Cir. 2010)    7

*United States v. Kuhlman*,

    711 F.3d 1321, 1326 (11th Cir. 2013)    3

*United States v. Landron-Class*

    696 F.3d 62, 77 (1st Cir. P.R. 2012)    10

*United States v. Pugh*,

    515 F.3d 1179, 1191 (11th Cir. 2008)    4

*United States v. Rhine*,

    637 F.3d 525, 529 (5th Cir. 2011)    7

*United States v. Vonner,*

    516 F.3d 382, 387 (6th Cir. 2008)                7

## STATEMENT OF JURISDICTION

This is a direct criminal appeal of a judgment in a criminal case and the sentence imposed by the United States District Court for the Northern District of Alabama.  This Court's jurisdiction over this appeal is predicated upon 28 U.S.C. § 1291.  Jurisdiction over the appeal of the sentence imposed pursuant to the United States Sentencing Guidelines is predicated upon 18 U.S.C. § 3742(a)(2).

## STATEMENT OF THE ISSUE

This appeal presents the distinct issue of law:

(i)    Did the District Court Judge err in assigning an arbitrary sentence based on a life sentence recommendation and motion for departure based on Criminal History and a life sentence recommendation.

## STATEMENT OF THE CASE

On June 20, 2018, the District Court held a sentencing hearing based on the Defendant's prior plea of guilty.  The District Court adopted the Presentence Reports  for  cases  4:17-cr-00137  and  4:18-cr-00014  (PSRs),  ███████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████

## Procedural History and Statement of Facts

In 17-cr-137, the April 2017 Grand Jury for the United States District Court for the Northern District of Alabama returned a one count Indictment charging the defendant of possession with the intent to distribute a controlled substance. 4:17-cr-137, PSR ¶ 5. On June 2, 2017, the government filed an information pursuant to 21 U.S.C. §851, to enhance the sentence of Mr. Cofield based on his prior felony drug convictions. (Doc. 8). On June 8, 2017, Mr. Cofield pled guilty as charged in the Indictment. PSR ¶ 5. The PSR was published on August 14, 2017.

On January 24, 2018, the Government filed a one-count Information in the Northern District of Alabama charging Mr. Cofield in making an explosive bomb. 4:18-cr-14, PSR 5. Mr. Cofield plead guilty as charged in the Information on March 7, 2018. The PSR for this case was published on May 16, 2018.

The PSR calculations for case 4:18-cr-14 were never at issue, argued or disputed. The recommended 100 month sentence was granted by the District court was ordered to run concurrent with the sentence issued in 4:17-cr-134 and will not be argued in this brief. (Doc. 30, Judgment, dated June 25, 2018).

At sentencing the District court found that Mr. Cofield was a career offender and as such his guidelines offense level was 35, the criminal history category was 6, and the advisory guidelines imprisonment range was life. *Transcript of Sentencing*, Pg 4, lines 4-8. As argued at sentencing, the guidelines calculations

2

for that same offense level and criminal history produced a sentence recommendation range of 292 to 365 Months. *Transcript of Sentencing*, Pg 7, Line 3-5. ████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████ However, there was no calculation or justification for the sentence issued.

## Standard of Review

Legal questions concerning the reasonableness of a lower court's sentence is under an abuse of discretion standard. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013) (citing *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007)). "'That familiar standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment.'" *Id.* (citing *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010)).

## ARGUMENT

### I. Reasonableness of Sentence

This Honorable Court has established the standard for reviewing a reasonableness of a sentence with a two part test:

> We will first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly

3

calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 3553(a) factors, selecting a sentence based on clearly erroneous facts or failing to adequately explain the chosen sentence—including an explanation for any deviation from the guidelines

*Kuhlman*, 711 F.3d at 1326.

After we determine that the district court's sentencing decision is procedurally sound, we next review the substantive reasonableness of the sentence for abuse of discretion.

*Id.*

It is the contention that the sentence in the present case fails on both aspects of this review.

a. **Procedural Errors in the Sentence**.

While significant reliance on a single factor does not necessarily render the sentence unreasonable, this Court has stated that "[a] district court's unjustified reliance on a single factor 'may be a symptom of an unreasonable sentence." *Id.* (citing *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). The Supreme Court stated that "[w]e fund it uncontroversial that a major departure should be supported by a more significant justification than a minor one" and went on to state that "[a]fter settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and promote the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007)

4

(citing *Rita v. United States,* 551 U.S. 338, 356-58, 127 S. Ct. 2456, 168 L. Ed. 2n 203 (2007).

It is considered procedural error on the part of the district court if the court does not consider the 3553(a) factors or if the court has chosen sentence which is not adequately explained, "including an explanation for any deviation from the Guidelines range." *Id.* In the case at issue, the defendant was told only that the factor the government considered was that of specific deterrence and no other recitation of factors was done by the sentencing court. The district court unjustifiably relied on a single factor, to wit Mr. Cofield's criminal history. No other sentencing factor was mentioned or considered by the district court in relation to the massive sentence of 262 months.

Even before the Sentencing Guidelines were made discretionary, the Supreme Court recognized that "Congress allows district courts to depart from the applicable Guideline range if 'the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing commission in formulating the guidelines that should result in a sentence different from that described.'" *Koon v. United States*, 518 U.S. 81, 92, 116 S. Ct. 2035, 135 L. Ed. 2d 392 (1996) (citing 18 U.S.C. § 3553(b)). The Supreme Court also

recognized that "[t]he Commission intends the sentencing courts to treat each guideline as carving out a 'heartland,' a set of typical cases embodying the conduct that each guideline describes." *Id*. It is not difficult to imagine, and common sense supports, the idea that someone found to be a career offender would have a substantial criminal history. However, the criminal history of Mr. Cofield was properly taken into consideration in the PSR calculations of the offense level and criminal history, adopted by the court without objections by either party, and provided for a heartland recommendation that made the sentence comparable to others similarly charged with similar criminal history. In the present case, the only factor argued by the government and discussed, excluding all 18 U.S.C. § 3553(a) factors, was specific deterrence. *Transcript of Sentencing*, Pg 5, Line 9-11. This clearly shows a procedural error on the part of the sentencing court to accurately comply with the test established by this Honorable Court in *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013).

**b. Substantive reasonableness of the Sentence**

In reviewing a courts sentence for unreasonableness courts have held that "the court should consider the totality of the circumstances, including the extent of any variance from the guidelines range." *United States v. Rhine*, 637 F.3d 525, 529 (5th Cir. 2011) (citing *United States v. Brantley*,

537 F.3d 347, 349 (5th Cir. 2008)) *see also United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010). A sentence within the Guidelines range is presumptively reasonable but is not to be held to always be reasonable in that there are factors that the judge should take into consideration in establishing a reasonable sentence. *Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456, 2459, 168 L. Ed. 2d 203 (2007). Courts have interpreted *Rita* wherein "[c]onsistent with the statute, *Rita* also suggests a distinction between within- and outside-guidelines sentences, saying that, where a judge imposes a within-guidelines sentence, he 'will normally . . . explain why he has rejected . . . arguments' for a different sentence, but insisting that, '[w]here the judge imposes a sentence outside of the Guidelines, the judge will explain why he has done so.'" *United States v. Vonner*, 516 F.3d 382, 387 (6th Cir. 2008) (citing *Rita* 127 S. Ct. at 2468.) Said explanation is to be more than a single reason and the sentencing factors in 18 U.S.C. 3553(a) should always be addressed to show reasonableness. *Rita*, 127 S. Ct. at 2459. In the present case, no justification was given for the defendant to understand how the departure would be reasonable.

At sentencing, the defense recognized before the District court that there is no guidance to establish what a life sentence is. *Transcript of Sentencing*, Pg 7, Line 10-11. ██████████████████

███████████████████████████████████████████

███████████████████████████████████████████

However, as argued before the court, the Government's motion for departure takes the life sentence out of the calculations, the guideline range of 292-365 then becomes reasonable and a reduction based on cooperation can properly be calculated.

**II.** ████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████





## III.    Appellate Waiver



Furthermore, two of the three exceptions allow for challenges to the sentence based on proper calculations and the defense maintains that absent

a numerical starting point to calculate a life sentence that there is no properly calculated guideline. It is impossible for the government, the defense, or the court to properly calculate a sentence, a reduction based on cooperation, or any other departure or variance without a set number or ability to calculate what a life sentence entails. For example; Mr. Cofield was 41 years old at the time of his sentencing and, assuming a life expectancy based on the Social Security calculations of 82 years, Mr. Cofield's life sentence would be another 41 years, or 492 months ███████████████████████ ████████████████████████████████████████ ████████████████████████████ Absent any means of calculating a life sentence the district courts are left with arbitrarily selecting a sentence, as in this case, and therefore cannot be based on properly calculated guidelines, which is the primary purpose of the appellate waiver exceptions.

## CONCLUSION

██████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ██████████████████ After reviewing the totality of the case, one needs be

"left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (citing *United States v. Pugh*, 515 F.3d 1179, 1192 (11th Cir. 2008)).  Because the District Court's failure to review other factors the resulting sentence of 262 months is patently unreasonable and due to be reversed.

This 7th day of September, 2018.

Respectfully submitted,

MICHAEL T. TEWALT
Attorney at Law
100 Jefferson Street, Suite 200
Huntsville, Al 35801
(256)288-3044 Telephone
attorney.michael.tewalt@gmail.com

## CERTIFICATE OF COMPLIANCE

Counsel for Shannon Troy Cofield certifies that this brief complies with the volume limitations set forth in Fed. R. App. P 32(a)(7)(B) and 11th  Cir. R. 32-4. The brief contains 2,680 countable words. Times New Roman 14 is the style and type size used in this brief.

## **CERTIFICATE OF SERVICE**

I hereby certify that on 7 September, 2018, the foregoing brief was filed electronically using this Court's CM/ECF system, which will provide notice of filing to all counsel of record. A true and correct copy will also be served by either first-class United States mail or Federal Express overnight delivery postage prepaid, on the following people:

Shannon Troy Cofield
Reg # 35108-001
USP McCreary
U.S. Penitentiary
P.O. Box 3000
Pine Knot, KY 42635

On this same date, the original and additional copies of the foregoing brief were filed by Federal Express overnight delivery, postage prepaid, addressed as follows:

Clerk's Office- Appeal No. 18-12807-E
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street N.W.
Atlanta, Georgia 30303

Respectfully submitted,

MICHAEL T. TEWALT